UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| KRYSTAL CAMPBELL, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> DEAN MARTIN DR – LAS VEGAS, LLC, *et al.*, <br><br> Defendants. | Case No.: 2:15-cv-0452-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the case of *Campbell v. Dean Martin Dr – Las Vegas, LLC*, (2:15-cv-0452-GMN-NJK). On March 12, 2015, the Court entered an Order requiring Defendants to show cause as to why the Court should not decline to exercise jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(4). (ECF No. 5). On March 26, 2015, Defendants filed a Brief in Support of Removal Jurisdiction. (ECF No. 10). Plaintiffs filed a Response, (ECF No. 13), and Defendants filed a Reply, (ECF No. 16). For the reasons stated herein, the Court will remand this action to Clark County District Court.

**I.   BACKGROUND**

This action centers upon claims that Plaintiffs, a putative class of over 3000 current and former dancers employed in Defendants' adult entertainment establishments in Las Vegas, were paid insufficient wages in violation of several provisions of Nevada law. (Compl., Ex. 1 to Pet. for Rem., ECF No. 1).

Specifically, Plaintiffs seek to form a class including every "topless dancer, hostess, entertainer, erotic dancer, and stripper" who worked at Larry Flynt's Hustler

1  Club in the three years immediately preceding the filing of the Complaint. (*Id.* ¶ 22).
2  Plaintiffs allege that the owners and operators of Larry Flynt's Hustler Club, Defendants
3  Dean Martin Dr – Las Vegas, LLC, Las Vegas Bistro, LLC, and Modern Bookkeeping,
4  Inc., failed to adequately compensate Plaintiffs pursuant to Nev. Rev. Stat. §§ 608.250,
5  608.040, and 608.050. (*Id*. ¶¶ 33-55).  Additionally, Plaintiffs set forth claims for
6  conversion and unjust enrichment arising from their allegations that Defendants
7  wrongfully withheld their wages. (*Id.* ¶¶ 56-66).

   Defendants removed this case on March 11, 2015, citing the Court's jurisdiction under the Class Action Fairness Act ("CAFA"), codified at 28 U.S.C. § 1332(d). (Pet. for Rem. ¶ 6, ECF No. 1).  In their Response to the Court's Order to Show Cause, Plaintiffs argue that the Court should decline to exercise jurisdiction over this case pursuant to 28 U.S.C. § 1332(d)(3) because more than one third of the members of the putative class are Nevada residents, all of their claims arise under Nevada law, and this action does not involve matters of national interest. (Pls.' Response, ECF No. 13).

**II.    LEGAL STANDARD**

   28 U.S.C. § 1332(d), added by CAFA, vests the federal district courts with "original jurisdiction of any civil action in which the matter in controversy exceeds $5,000,000 and is a class action in which the parties satisfy, among other requirements, minimal diversity."*Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006).  One way to satisfy minimal diversity is by demonstrating that any class member is a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2).  Thus, for covered class actions, CAFA abandons the normal requirement of complete diversity. *Id*.; *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021 (9th Cir. 2007) (citing *Bush v. Cheaptickets, Inc.*, 425 F.3d 683, 684 (9th Cir. 2005)).

However, under CAFA's discretionary exception, the Court may decline to exercise jurisdiction "over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed . . . ." 28 U.S.C. § 1332(d)(3). In determining whether to decline jurisdiction under this exception, the Court considers the following factors:

> (A) whether the claims asserted involve matters of national or interstate interest;
>
> (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
> (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
> (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants;
>
> (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and
>
> (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed.

28 U.S.C. § 1332(d)(3). Additionally, it is important to note that the party seeking remand bears the burden to show that a CAFA exception applies. *See Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

///

## III. ANALYSIS

Plaintiffs argue that the Court should decline to exercise jurisdiction and should remand this action pursuant to CAFA's discretionary exception. Defendants concede that roughly fifty percent of the putative class members are Nevada citizens. *See* (Defs.' Brief 8:17-18) ("[Defendant] Bistro's evidence, even if imperfect, is highly probative and preemptively demonstrates that only 50%-51% of the putative class members' [sic] are citizens of Nevada."). Similarly, Defendants do not dispute Plaintiffs' assertion that the primary defendants in this action are citizens of Nevada. Accordingly, as the threshold requirements of the discretionary exception are satisfied, the Court will analyze the facts of this case under the factors set forth in § 1332(d)(3) to determine if remand is warranted.

### A. National or Interstate Interest

The Complaint makes it clear that this case involves a putative class of employees who worked in Nevada claiming that the owners of a nightclub in Nevada violated several provisions of Nevada law. Because all of the alleged violations occurred in Nevada, it is apparent that this action does not raise any matters of national or interstate interest. *See Foley v. Cordillera Golf Club, LLC*, No. 12-cv-0351-WJM-KMT, 2012 WL 1144856, at *6 (D. Colo. Apr. 5, 2012) (finding allegations that a Colorado golf club failed to fulfill its contractual obligations to its members did not raise issues of national interest). Accordingly, the Court finds that this factor weighs in favor of remand.

### B. Source of the Claims at Issue

Each of Plaintiffs' claims in this case arises under Nevada law.[1] Thus, this factor weighs in favor of remand.

---

[1] Defendants, citing *Terry v. Sapphire Gentlemen's Club*, argue that some of Plaintiffs' claims are governed by federal law. 336 P.3d 951 (Nev. 2014). In *Terry*, the Nevada Supreme Court adopted the "economic realities" test used in connection with the Fair Labor Standards Act to resolve claims arising

**C. Avoidance of Federal Jurisdiction**

Courts have drawn diametrically opposed conclusions regarding the purpose of this factor. Some courts have indicated that this factor was included in the § 1332(d)(3) analysis to grant some weight to a plaintiff's choice of forum. *See, e.g.*, *Commisso v. PricewaterhouseCoopers LLP*, No. 11-cv-5713-NRB, 2012 WL 3070217, at *6 (S.D.N.Y. July 27, 2012). Other courts have viewed it as a safety mechanism to ensure that federal courts can hear cases of national importance even when plaintiffs attempt to exploit technicalities to ensure a state forum. *See, e.g.*, *Henry v. Warner Music Grp. Corp.*, No. 13-cv-5031-PGG, 2014 WL 1224575, at *7 (S.D.N.Y. Mar. 24, 2014). Thus, in cases in which it is apparent that a complaint was pled to avoid federal jurisdiction, it is unclear whether this factor should weigh for or against remand.

Nevertheless, in the instant case, there is no indication that Plaintiffs sought to avoid federal jurisdiction. The Complaint meets the prima facie requirements for CAFA jurisdiction, as it makes clear that the putative class contains well over 100 members, and seeks relief well in excess of the $5,000,000 minimum. 28 U.S.C. § 1332(d)(2); 28 U.S.C. § 1332(d)(5)(B). Nothing in the Complaint indicates that the allegations were specifically crafted to either avoid or attain federal jurisdiction. Thus, this factor weighs neither for nor against remand.

**D. Relationship Between the Class and the Forum**

This action was filed in Clark County District Court, the jurisdiction where every member of the class was employed and where the alleged violations occurred. Therefore,

---

under Nev. Rev. Stat. § 608.010. *Id.* at 958. However, the mere fact that the Nevada Supreme Court decided to utilize a federal standard in interpreting Nevada law did not somehow transform Nevada's statutory scheme into a federal statutory scheme. The Court therefore finds Defendants' argument to be unavailing.

there is a clear nexus between Plaintiffs' chosen forum and the events at issue in this action. Accordingly, the Court finds this factor weighs heavily in favor of remand.

### E.  Number of Class Members from the Forum State

Defendants have made clear that roughly half of the members of the putative class are citizens of Nevada. *See* (Defs.' Brief 8:17-18). The state with the next highest number of class members—California—has less than half as many as Nevada. *See* (Pls.' Summary of Defendants' Exhibits, Ex. 1 to Pls.' Resp., ECF No. 13) (stating that between twenty and twenty two percent of the putative class members are citizens of California). Thus, this factor weighs in favor of remand. *See Foley v. Cordillera Golf Club, LLC*, 2012 WL 1144856, at *7.

### F.  Similar Class Actions

Though Defendants point to several recent cases involving classes of dancers who claim to have been paid insufficient wages,[2] none of these actions involve Defendants, nor do they include claims arising under Nevada law. Similarly, it does not appear that any members of the putative class in the instant case could have been included in the plaintiff classes in these other cases. Thus, because there are no common parties or claims between this case and other recent actions, this factor weighs in favor of remand.

As five of the § 1332(d)(3) factors weigh in favor of remand, and the final one is neutral, the Court finds that it is in the interest of justice to decline to exercise jurisdiction over this action. Accordingly, this case will be remanded to Clark County District Court.

///

///

---

[2] *See Holden v. Raleigh Rest. Concepts, Inc.*, No. 5:14-cv-348-F, 2014 WL 6609774 (E.D.N.C. Nov. 20, 2014); *Herzfeld v. 1416 Chancellor, Inc.*, No. 14-cv-4966, 2015 WL 4480829 (E.D. Pa. July 22, 2015); *Encarnacion v. J.W. Lee, Inc.*, No. 14-cv-61927, 2015 WL 6437686 (S.D. Fla. Oct. 22, 2015); *Roe v. SFBSC Mgmt., LLC*, No. 14-cv-3616-LB, 2015 WL 930683 (N.D. Cal. Mar. 2, 2015).

IV. CONCLUSION

**IT IS HEREBY ORDERED** that this action is **REMANDED** to Clark County District Court.  The Clerk is instructed to close the case.

**DATED** this __21__ day of December, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Court